FOX ROTHSCHILD LLP
Formed in the Commonwealth of Pennsylvania
75 Eisenhower Parkway
Roseland, NJ 07068
Attorneys for Defendants
Planned Security Services, Inc. and
The Planned Companies, Inc.
By: Suzanne J. Ruderman (SJR/1111)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHILIP MORDI, Individually and On Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff(s),<br><br>vs.<br><br>PLANNED SECURITY SERVICES, INC. and THE PLANNED COMPANIES, INC.<br><br>Defendants. | Civil Action No. 07 cv 7192 (GBD) |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY**

                                FOX ROTHSCHILD LLP
                                Attorneys for Defendants
                                75 Eisenhower Parkway
                                Roseland, New Jersey 07068
                                (973) 992-4800

OF COUNSEL:
    Suzanne J. Ruderman

ON THE BRIEF:
    Suzanne J. Ruderman

RL1 613432v2 10/08/07

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT .............................................................................................................. 2

    THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF
    NEW JERSEY ................................................................................................................ 2

        A.    This Matter Could Have Originally Been Brought In The District
             of New Jersey .................................................................................................... 2

        B.    Transfer Is Appropriate Based On Convenience and In The
             Interests of Justice ............................................................................................ 3

             1.    The Convenience of Witnesses ............................................................ 3

             2.    Location of Documents and Relative Ease of Access to
                  Sources of Proof ................................................................................... 4

             3.    The Convenience of Parties ................................................................. 4

             4.    Locus of Operative Facts ..................................................................... 5

             5.    Availability of Process To Compel the Attendance of Unwilling
                  Witnesses ............................................................................................. 5

             6.    The Relative Means of the Parties ....................................................... 6

             7.    Forum's Familiarity with the Governing Law .................................... 6

             8.    Plaintiff's Choice of Forum ................................................................. 7

             9.    Trial Efficiency and the Interests of Justice ......................................... 8

CONCLUSION ........................................................................................................................... 9

## TABLE OF AUTHORITIES

Page

*CASES*

800-Flowers, Inc. v. Intercontinental Florist, Inc.,
    860 F. Supp. 128 (S.D.N.Y. 1994) .................................................................................5

Berman v. Informix Corp.,
    30 F. Supp. 2d 653 (S.D.N.Y. 1998)................................................................................6

Citigroup Inc.v.City Holding Co,
    97 F.Supp. 2d 549 (S.D.N.Y. 2000)..............................................................................5, 7

In re Collins & Aikman Corp. Sec. Litigation,
    438 F. Supp. 2d 392 (S.D.N.Y. 2006)..............................................................................4

Dealtime.com v. McNulty,
    123 F. Supp. 2d 750 (S.D.N.Y 2000)...............................................................................4

DiStefano v. Carozzi North America,
    2002 WL. 31640476 (E.D.N.Y. Nov. 16, 2002)..............................................................3

Earley v. B.J.'s Wholesale Club.,
    2007 WL. 1624757 (S.D.N.Y. Jun. 04, 2007) .................................................................6

Eichenholtz v. Brennan,
    677 F. Supp. 198 (S.D.N.Y 1988) ...................................................................................7

Factors Etc., Inc. v. Pro Arts, Inc.,
    579 F.2d 215 (2d Cir. 1978).............................................................................................3

Fuji Photo Film Co., Ltd. V. Lexar Media, Inc.,
    415 F. Supp. 2d 370 (S.D.N.Y. 2006)..............................................................................4

Hall v. South Orange,
    89 F. Supp. 2d 488 (S.D.N.Y. 2000)................................................................................7

Herbert Ltd. Partnership v. Electronic Arts Inc.,
    325 F. Supp. 2d 282 (S.D.N.Y. 2004)..............................................................................2

Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp.,
    2007 WL. 163111 (S.D.N.Y. Jan. 22, 2007) ...................................................................8

**TABLE OF AUTHORITIES** *(Cont'd)*

**Page**

Nieves v. American Airlines,
 700 F. Supp. 769 (S.D.N.Y. 1988) ...................................................................................3

Ravenswood Investment Co. v. Bishop Capital,
 2005 WL. 236440 (S.D.N.Y. Feb. 01, 2005).....................................................................4

Royal Insurance Co. of America v. United States,
 998 F. Supp. 351 (S.D.N.Y. 1998) ................................................................................6, 7

Shariff v. Goord,
 2005 WL. 2087840 (S.D.N.Y. Aug. 26, 2005)..................................................................2

Tucker Anthony, Inc. v. Banker Trust Co.,
 1994 WL. 9683 (S.D.N.Y. Jan. 10, 1994) .........................................................................8

U.S. Fidelity and Guaranty Co. v. Republic Drug Co., Inc.,
 800 F. Supp. 1076 (E.D.N.Y. 1992) .................................................................................4

Viacom International, Inc. v. Melvin Simon Prod.,
 774 F. Supp. 858 (S.D.N.Y. 1991) ....................................................................................5

Warrick v. General Electric,
 70 F.3d 736 (2d Cir. 1995)................................................................................................7

ZPC 2000, Inc. v. SCA Group, Inc.,
 86 F. Supp. 2d 274 (S.D.N.Y. 2000).............................................................................4, 5

***STATUTES***

28 U.S.C. § 1391(b)(1) ................................................................................................................2

28 U.S.C. § 1404 (a) ...................................................................................................................2

## PRELIMINARY STATEMENT

Defendants Planned Security Services, Inc. and The Planned Companies, Inc. (hereinafter referred to as "Defendants") submit this Memorandum of Law in support of their motion to transfer the venue of this action to the District of New Jersey. On or about August 13, 2007, Plaintiff filed a two-count Complaint alleging (1) an overtime violation of the Fair Labor Standards Act ("FLSA"); and, (2) an overtime violation under the New Jersey Wage Payment Law ("NJWPL). Plaintiff has filed this lawsuit on behalf of himself and all current and former employees who were allegedly "not paid overtime compensation at the rate of one half times their regular rate of pay."

This action should be transferred to the District of New Jersey as it is a far more appropriate venue than the Southern District of New York. Specifically, Defendants reside in New Jersey, Plaintiff resides in New Jersey, Plaintiff was employed in New Jersey, all operative facts relating to Plaintiff's claims occurred in New Jersey, all relevant documents are stored and located in New Jersey, and all witnesses are employed in New Jersey. Further, Count II of Plaintiff's Complaint alleges a violation of a New Jersey statute. Conversely, this action has no connection to the State of New York. As such, Defendants respectfully request that venue be transferred to the District of New Jersey.

## **LEGAL ARGUMENT**

**THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY**

28 U.S.C. § 1404 (a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." The inquiry on a motion to transfer is two-fold: the first step is for the court to determine whether the case could have originally been brought in the proposed transferee district. Shariff v. Goord, 2005 WL 2087840, at * 7 (S.D.N.Y. Aug. 26, 2005). If the case could have originally been brought in the proposed district, then the court must determine whether a transfer is appropriate based on convenience and in the interests of justice. Id.

The following factors are considered in determining convenience and justice: (1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to the plaintiff's choice of forum; and, (9) judicial economy and the interests of justice. Herbert Ltd. Partnership v. Electronic Arts Inc., 325 F.Supp. 2d 282, 285-86 (S.D.N.Y. 2004).

### A. This Matter Could Have Originally Been Brought In The District of New Jersey

Where jurisdiction is based on a federal question, as it is here, venue is appropriate in a "judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(b)(1). A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). The District of New Jersey has personal jurisdiction over any action filed

against a corporation that maintains its principal place of business in New Jersey. *See R. 4:4-4(a)(6) of the Rules Governing the Courts of the State of New Jersey.*

The District of New Jersey had personal jurisdiction at the time Plaintiff filed his action, since both Defendants maintain their principal place of business within the state of New Jersey. (Iuliano Aff., ¶ 3). As such, Plaintiff could have, easily and properly, originally brought this action in the District of New Jersey.

### B. Transfer Is Appropriate Based On Convenience and In The Interests of Justice

#### 1. The Convenience of Witnesses

The convenience of party and non-party witnesses is "probably the single-most important factor in the analysis of whether transfer should be granted." Nieves v. American Airlines, 700 F.Supp. 769, 772 (S.D.N.Y. 1988). Courts consider the convenience of witnesses in order to minimize the burden such witnesses must face, and to secure live testimony at the trial. DiStefano v. Carozzi North America, 2002 WL 31640476, at * 2 (E.D.N.Y. Nov. 16, 2002). The defendant has the burden of "clearly specify[ing] the key witnesses to be called and must make a general statement of what their testimony will cover." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978).

Here, all witnesses are located in New Jersey: they include Plaintiff's direct supervisor, the Regional Manager for Defendant Security Planning Services, Inc., Defendants' human resources personnel, Defendants' payroll department personnel, and Defendants' officers, who implemented the overtime policy at the heart of this case. (Iuliano Aff., ¶¶ 8-11). These witnesses have specific knowledge of Defendants' overtime policies, payroll practices, the hours worked by Plaintiff, the overtime compensation received by Plaintiff, the overtime paid to other security guards within the company, and how Plaintiff's earning records show that Plaintiff was

3

properly paid overtime under the FLSA. (Id.). As such, the convenience of fact witnesses weighs in favor of a transfer to the District of New Jersey.

### 2. Location of Documents and Relative Ease of Access to Sources of Proof

Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry. In re Collins & Aikman Corp. Sec. Litig., 438 F.Supp. 2d 392, 396-97 (S.D.N.Y. 2006). In fact, the Southern District recently noted that superior access to documents remains a factor that weighs in favor of transfer. Ravenswood Inv. Co. v. Bishop Capital, 2005 WL 236440, at * 6 (S.D.N.Y. Feb. 01, 2005).

Here, all documents relating to this action are located in New Jersey. Specifically, the personnel records, payroll records, employee earning records, and time records are located in Defendants' headquarters located in Parsippany, New Jersey. (Iuliano Aff., ¶ 12). As such, this factor weighs in favor of transfer to New Jersey.

### 3. The Convenience of Parties

In analyzing the convenience of the parties, "[t]he logical starting point is a consideration of [their] residence . . . ." U.S. Fidelity and Guar. Co. v. Republic Drug Co., Inc., 800 F.Supp. 1076, 1080 (E.D.N.Y. 1992). In fact, the Southern District has held, "where neither party resides in the chosen forum, 'it is only logical that a transfer to the residence of one of them would be more convenient.'" Dealtime.com v. McNulty, 123 F.Supp. 2d 750, 756 (S.D.N.Y 2000)(quoting ZPC 2000, Inc. v. SCA Group, Inc., 86 F.Supp. 2d 274, 279 (S.D.N.Y. 2000)).

Here, Plaintiff admits that he and Defendants are residents of New Jersey. (Complaint, ¶¶ 6, 7). Plaintiff's **only** connection with this district is the location of his counsel, which is not afforded consideration when considering a motion to transfer venue. See Fuji Photo Film Co.,

Ltd. V. Lexar Media, Inc., 415 F.Supp. 2d 370, 374 (S.D.N.Y. 2006)("[T]he convenience of counsel is not an appropriate factor to consider on a motion to transfer."). As such, convenience of the parties weighs heavily in favor of Defendants' motion to transfer venue to the District of New Jersey.

### 4. Locus of Operative Facts

The locus of operative facts is another "primary factor" in determining whether to transfer venue. ZPC 2000, Inc. v. The SCA Group, Inc., 86 F.Supp. 2d 274, 279 (S.D.N.Y. 2000). Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district. See Viacom Int'l, Inc. v. Melvin Simon Prod., 774 F.Supp. 858, 867 (S.D.N.Y. 1991). To determine the "locus of operative facts" a court must look to the site of the events from which the claim arises. 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 134 (S.D.N.Y. 1994)

There is no question that the principal events in Plaintiff's complaint took place in New Jersey, since Plaintiff solely worked in New Jersey during his employment with Defendants. (Iuliano Aff., ¶ 7). Additionally, the principal witnesses, if not all witnesses, are located in New Jersey. (Iuliano Aff., ¶¶ 8-11). Accordingly, the "locus of operative facts" occurred in New Jersey. As such, this factor supports Defendants' motion to transfer.

### 5. Availability of Process To Compel the Attendance of Unwilling Witnesses

Important elements for this factor are the inability to compel process over a witness, the availability of alternative forms of testimony, and a showing that the witness would be unwilling to testify." Citigroup, Inc. v. City Holding Co, 97 F.Supp. 2d. 549, 561 (S.D.N.Y. 2000). Additionally, the Court cannot require "a person who is not a party or an officer of a party to

travel to a place more than 100 miles form the place where that person resides, is employed or regularly transacts business" to appear before it. Fed.R.Civ.P. 45(c)(3)(A)(ii).

It is unknown at this time whether any witness would be unwilling to testify. Accordingly, this factor neither supports nor weighs against Defendants' motion to transfer.

### 6. The Relative Means of the Parties

If a "disparity exists between the parties, such as an individual suing a large corporation, the relative means of the parties may be considered." Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998). However, where "no showing has been made that [a change of forum] would impose an undue hardship on the plaintiff… this factor weighs neutrally in the overall analysis." Id.

Plaintiff cannot establish that a change of forum to New Jersey would impose an undue hardship on him. Rather, a transfer of venue to New Jersey would be far more convenient for Plaintiff since he resides in New Jersey. (Complaint, ¶ 6). In addition, Plaintiff's counsel, the Locks Law Firm, has offices in New Jersey. As such, this factor would not impede Defendants' ability to transfer venue.

### 7. Forum's Familiarity with the Governing Law

The Southern District has held that an action should be transferred to the district of the state whose law governs. Royal Ins. Co. of Am. v. United States, 998 F.Supp. 351, 355 (S.D.N.Y. 1998). In fact, it is "indisputable" that the District of New Jersey would have a greater familiarity with New Jersey's wage and hour laws than a court in the Southern District of New York. See Earley v. B.J.'s Wholesale Club., 2007 WL 1624757, at * 3 (S.D.N.Y. Jun. 04, 2007) ("it is indisputable that courts in the Middle District of Pennsylvania have a greater

6

familiarity with the PMWA [Pennsylvania Minimum Wage Act] and PCWL [Pennsylvania Wage Payment and Collection Act] than courts in the District of Massachusetts.").

Here, Plaintiff has brought this action under the FLSA and New Jersey's wage payment law. As such, the District of New Jersey will have familiarity with the state wage law that this district will not have. Further, it would be a waste of judicial resources to educate a federal court in New York on New Jersey's wage laws when the District of New Jersey routinely handles cases pursuant to the NJWPL. See Royal Ins. Co., 998 F.Supp. at 355 (explaining that a federal court sitting in a particular state is more likely to have developed a familiarity with that state's law, and thus it would waste resources to educate a federal court sitting in another state with the laws of a foreign state.). Thus, this factor weighs in favor of transfer to New Jersey.

### 8.    Plaintiff's Choice of Forum

Normally, a court should "give due deference to the plaintiff's choice of forum which should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum…" Citigroup Inc., 97 F.Supp. 2d at 561. However, a plaintiff's choice of forum is given less deference when the forum is "neither the [plaintiff's] home nor the place where the operative facts of the action occurred." Hall v. South Orange, 89 F.Supp. 2d 488, 494 (S.D.N.Y. 2000). Further, "[T]he plaintiff's choice of forum is a less significant consideration in a . . . class action than in an individual action." Warrick v. General Electric, 70 F.3d 736, 741 n. 7 (2d Cir. 1995); see also Eichenholtz v. Brennan, 677 F.Supp. 198, 202 (S.D.N.Y 1988)(stating that a plaintiff's choice of forum is "afforded little weight" in a purported class action).

Although Plaintiff has brought this action in New York, he is domiciled in New Jersey (Complaint, ¶ 6), and Plaintiff was employed in New Jersey for the entire duration of his employment with Defendants (Iuliano Aff., ¶ 7). Additionally, as this is a class action,

7

Plaintiff's choice of forum is "afforded little weight." As such, the Court should not give deference to Plaintiff's choice of forum.

### 9. Trial Efficiency and the Interests of Justice

"The interest of justice is a separate component of the Court's § 1404(a) transfer analysis, and may be determinative in a particular case." Tucker Anthony, Inc. v. Banker Trust Co., 1994 WL 9683, at * 8 (S.D.N.Y. Jan. 10, 1994). The interests of justice are "based on the totality of the circumstances." Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp., 2007 WL 163111, at * 4 (S.D.N.Y. Jan. 22, 2007).

In summary, the reasons to transfer this case to the District of New Jersey are the following: (1) all known witnesses are located in New Jersey; (2) all parties reside in New Jersey; (3) all operative facts and events occurred in New Jersey; (4) all documents are maintained in New Jersey; (5) Plaintiff's choice of forum is given less deference since it is not his home district and this is a collective action, (6) and New Jersey has more familiarity with Plaintiff's NJWPL claim. In fact, **Plaintiff's action has no connection to New York**. Thus, this matter should be transferred to the District of New Jersey "based on the totality of the circumstances."

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that Defendants' motion to transfer venue to the District of New Jersey be granted.

Respectfully submitted,

FOX ROTHSCHILD LLP
Attorneys for Defendants
Planned Security Services, Inc. and
The Planned Building Companies, Inc.


By:  /s/ Suzanne J. Ruderman
     SUZANNE J. RUDERMAN (SJR/1111)


Dated:  October 8, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2007, the foregoing Memorandum of Law in Support of Defendants' Motion to Transfer was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants: Fran Rudich, Esq., Locks Law Firm, 110 East 55th Street, New York, NY 10022, Attorneys for Plaintiff.

                                                                      Debra Fontana

Dated: October 8, 2007